**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In re:  SYLVIA NICOLE<br><br>Debtor<br>_____<br><br>SYLVIA NICOLE,<br><br>    Appellant,<br><br>  v.<br><br>T2M INVESTMENTS, LLC,<br><br>    Appellee. | No. 24-6850<br><br>BAP No. 24-1032<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Scott H. Gan, Frederick Philip Corbit, and Julia W. Brand, Bankruptcy Judges,
Presiding

Submitted July 29, 2026[**]

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chapter 13 debtor Sylvia Nicole appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's judgment, following a trial, in favor of T2M Investments, LLC, in Nicole's adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review BAP decisions de novo and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not err in concluding that Nicole, and not T2M, breached the settlement agreement or in quieting title in favor of T2M. *See U.S. Bank N.A. v. Vill. at Lakeridge, LLC (In re Vill. at Lakeridge, LLC)*, 814 F.3d 993, 999 (9th Cir. 2016) (stating that we review factual findings for clear error); *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010) (explaining that, "[w]hen factual findings are based on determinations regarding the credibility of witnesses, we give great deference to the bankruptcy court's findings"); *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (setting forth elements of a cause of action for breach of contract). The bankruptcy court did not err in dismissing Nicole's contract fraud claim on the same basis that it dismissed her breach of contract claim.

The bankruptcy court properly dismissed Nicole's claims against Steven Altman because Altman was not a party to the contract and Nicole failed to allege

2                                                                                   24-6850

facts sufficient to state a claim for fraud. *See Hutchinson v. IRS (In re Hutchinson)*, 15 F.4th 1229, 1232 (9th Cir. 2021) (setting forth de novo standard of review and stating that under the bankruptcy rules, Federal Rule of Civil Procedure 12(b) applies in adversary proceedings in bankruptcy court); *Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004) (setting forth elements of fraud).

All pending motions are denied.

**AFFIRMED.**